MICHAEL W. FOSTER (State Bar No. 127691)
mfoster@fosteremploymentlaw.com
MADELYN G. JORDAN-DAVIS (State Bar No. 181771)
mjd@fosteremploymentlaw.com
C. CHRISTINE MALONEY (State Bar No. 226575)
cmaloney@fosteremploymentlaw.com
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile: (510) 763-5952

BARBARA PARKER, City Attorney (State Bar No. 069722)
RANDOLPH W. HALL, Chief Assistant City Attorney (State Bar No. 080142)
VICKI A. LADEN, Supervising Deputy City Attorney (State Bar No. 130147)
CHRISTOPHER KEE, Deputy City Attorney (State Bar No. 157758)
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-7686
Facsimile: (510) 238-6500

Attorneys for Defendants,
CITY OF OAKLAND, HOWARD JORDAN
and SEAN WHENT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCSICO DIVISION

| | |
|---|---|
| DERWIN LONGMIRE,<br><br>　　　　Plaintiff,<br>vs.<br><br>CITY OF OAKLAND, HOWARD JORDAN, SEAN WHENT, and DOES 1-50, inclusive,<br><br>　　　　Defendant. | Case No. C 10-01465 JSW<br><br>(42 U.S.C. §§ 1981 and 1983)<br><br>**SUPPLEMENTAL DECLARATION OF MADELYN JORDAN-DAVIS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>**Date: December 9, 2011**<br>**Time: 9:00 a.m.**<br>**Dept: Courtroom 11, 19th Floor**<br>**Judge: Hon. Jeffrey S. White**<br><br>Date Action Filed: April 7, 2010<br>Trial Date: February 27, 2012 |

1
**SUPPLEMENTAL JORDAN-DAVIS DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

I, Madelyn Jordan-Davis, declare as follows:

1. I am an attorney with Foster Employment Law, counsel for Defendants City of Oakland, Howard Jordan, and Sean Whent (collectively, "Defendants") in this action. I submit this declaration in support of Defendants' Reply Memorandum in Support of Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. If called as a witness, I could and would testify competently to the matters stated herein.

2. On April 27, 2011, I took the deposition of Derwin Longmire. True and correct copies of excerpts from Mr. Longmire's deposition are attached hereto as Exhibit O.

3. On July 11, 2011, I took the deposition of Michael L. Rains, Esq. True and correct copies of excerpts from Mr. Rains' testimony are attached hereto as Exhibit P.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 11th day of October, 2011 at Oakland, California.



Madelyn Jordan-Davis

# EXHIBIT O

Page 1

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

DERWIN LONGMIRE,                )
                                )
        Plaintiff,              )
                                )
    VS.                         )   No. C 10-01465 JSW
                                )
CITY OF OAKLAND, HOWARD         )
JORDAN, SEAN WHENT, and         )
DOES 1-50, inclusive,           )
                                )
        Defendants.             )
                                )
                                )

--oOo--

DEPOSITION OF DERWIN KEITH LONGMIRE

--oOo--

Oakland, California
Wednesday, April 27, 2011
10:05 a.m.

--oOo--

DOUCETTE & ASSOCIATES
1219 Marin Street
Vallejo, California 94590
(707) 554-9970

REPORTED BY: REBECCA K. FELKER, CSR, RPR
             CSR License Number 8043

Page 117

1  Q.    At the time Deputy Chief Kozicki was in your
2  chain of command?
3  A.    Yes, ma'am.
4  Q.    And so was Captain Orozco?
5  A.    Yes.                                              12:38:03
6  Q.    Do you know how long Captain Orozco has
7  worked for the Oakland Police Department?
8  A.    I would say about 23, 24 years.
9  Q.    Would you consider him to be a senior officer
10 with the department?                                    12:38:34
11 A.    At the time of this, yes.
12 Q.    Do you know if Captain Orozco spoke to anyone
13 about the information contained in Exhibits 23 and
14 24?
15 A.    He says that he didn't.                           12:38:43
16 Q.    Okay.  And you had a conversation with him
17 when?
18 A.    Oh, I talk with him all the time, but several
19 times over the last couple of years.
20 Q.    Okay.  And you said you talked to him all the    12:38:55
21 time.  Is he a friend of yours?
22 A.    No, ma'am.
23 Q.    He's a professional colleague that you talk
24 to because of your working relationship?
25 A.    Yes, ma'am.                                       12:39:04

```
                                                              Page 120
 1   A.        Yes.
 2   Q.        And when someone is walked out what does that
 3   normally, in your experience, infer?
 4   A.        That they've been placed on administrative
 5   leave, suspended, or fired.                              12:41:20
 6   Q.        There's no other explanation, you're either
 7   on administrative leave, suspended, or fired?
 8   A.        Yes, ma'am.
 9   Q.        Okay.  And how long have you known of the
10   term "walked out"?                                       12:41:39
11   A.        For all the years that I've been --
12   Q.        With the department?
13   A.        Yes, ma'am.
14   Q.        And you said that's about 24 years now?
15   A.        Six.                                           12:41:46
16   Q.        Twenty-six years?
17   A.        Yes, ma'am.
18   Q.        I would like you to look at Exhibit 8.  Now,
19   this is an article that's been discussed in prior
20   depositions.  It's an article that was run by the        12:42:00
21   Oakland Tribune on or about April 15th, 2009.  Are
22   you familiar with this article, sir?
23   A.        Yes, ma'am.
24   Q.        Okay.  If you could just read to yourself the
25   first paragraph.                                         12:42:12
```

Page 121

1   A.      M-hm.
2           Okay.
3   Q.      Okay. And in this article it looks like
4   Thomas Peele is reporting that you have been placed
5   on administrative leave, correct?                          12:42:35
6   A.      Yes, ma'am.
7   Q.      And he attributes that information to a
8   senior officer with knowledge of the situation?
9   A.      Yes.
10  Q.      Okay. Do you know who he's referring to at         12:42:42
11  that point?
12  A.      I do not. Only suspicions, but I don't know.
13  Q.      And you told me about those, that you believe
14  it's Whent, you believe it's Jordan, and/or Jordan?
15  A.      Yes, ma'am.                                        12:42:55
16  Q.      But you don't actually know who it is?
17  A.      That's correct.
18  Q.      Or who it was. I'm sorry.
19  A.      That's correct.
20  Q.      Okay. Lieutenant Mestas, do you know how           12:43:05
21  long he's been with the department?
22  A.      Thirty, 31 years.
23  Q.      So he too, like Captain Orozco, you would
24  consider to have been at that time a senior officer
25  in the department?                                         12:43:18

f9d88c28-cf59-48c2-bb45-6ed231215827

Page 122

1  A.      Yes.
2  Q.      Okay.  What about Deputy Chief Kozicki, same
3  question?
4  A.      Absolutely.
5  Q.      He would have been a senior officer in the                    12:43:23
6  department?
7  A.      Yes.
8  Q.      I'm just going to go back to what we were
9  talking about a little bit before, but the rumors
10 that you were somehow affiliated with Your Black              12:43:35
11 Muslim Bakery.
12 A.      Yes, ma'am.
13 Q.      Do you know how long people have had that
14 sort of suspicion?
15         MR. SCOTT:  Objection.  Vague as to people.           12:43:44
16 BY MS. JORDAN-DAVIS:
17 Q.      In the department, do you have any idea how
18 long rumors were circulating about that?
19         MR. SCOTT:  Same objection as to people, but
20 go ahead.                                                     12:43:56
21         THE WITNESS:  I do not, no.
22 BY MS. JORDAN-DAVIS:
23 Q.      Okay.  At the time that you were promoted to
24 the rank of sergeant --
25 A.      Yes, ma'am.                                           12:44:06

```
STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF ALAMEDA        )
```

I, REBECCA K. FELKER, a duly licensed Certified Shorthand Reporter, State of California, hereby certify that the witness in the foregoing deposition, named

<u>DERWIN KEITH LONGMIRE</u>,

was duly sworn to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein named; that the testimony of said witness was reported by me, and was thereafter transcribed under my direction by computer-aided transcription; that the foregoing is a full, complete, and true record of said testimony.

I further certify that I am not related to any party or counsel or attorney for any of the parties to said deposition, nor in any way interested in the outcome of the cause named in said caption.

I have hereunto set my hand this 4th day of May, 2011.

*[signature]*
REBECCA K. FELKER, RPR
CSR License No. 8043

# EXHIBIT P

Page 1

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

DERWIN LONGMIRE,            )
                            )
            Plaintiff,      )
                            )
        vs.                 )  No. C 10-01465 JSW
                            )
CITY OF OAKLAND, HOWARD     )
JORDAN, SEAN WHENT, and DOES)
1-50, inclusive,            )
                            )
            Defendants.     )
                            )

---oOo---

DEPOSITION OF

MICHAEL L. RAINS, ESQ.

Monday, July 11, 2011

REPORTED BY: JOHN P. SQUIRES, CMR, CCRR
              CSR No. 2001

1    Um-hmm. I've read it.

2 Q.  Have you finished reading it, sir?

3 A.  Yes.

4 Q.  And in that paragraph it indicates that within the week before writing that letter you had been provided with information that led you to conclude that Lieutenant Whent should not have been involved in discussions or should no longer be involved in discussions regarding Sergeant Longmire; correct?

11 A.  Um-hmm.

12 Q.  Is that a yes?

13 A.  Yes. I'm sorry.

14 Q.  So is it fair to say that's an accurate statement, that you had just been provided information regarding that issue in the week before this letter, Exhibit 12, was written?

18 A.  Yes.

19 Q.  And the information that you were provided is laid out in Exhibit 12; correct?

21 A.  It is.

22 Q.  Now, if you look at Exhibit 12, page 3, third paragraph, and read that to yourself, let me know when you're done with that.

25 A.  All right.

1        Okay, I've read that.

2  Q.     And I think earlier you mentioned in your
3  testimony that you made a recommendation to Whent
4  that Sergeant Longmire receive a short-term
5  suspension. And essentially what I see here in
6  Exhibit 12, page 3, paragraph 3 a confirmation that
7  that's a recommendation that you made; is that
8  correct?

9  A.     I made a recommendation, yes, on the 09
10  case.

11  Q.     Understood. Thank you.

12  A.     Right.

13  Q.     If you can just look at Exhibit 14 for a
14  second. You don't have to read every word. Just let
15  me know if it looks like a document you have received
16  before.

17  A.     Okay. I've looked that over.

18  Q.     Does that look to be the document that you
19  received, the discipline agreement and cover letter
20  regarding Sergeant Longmire in the 07 and 09 cases?

21  A.     It appears to be, yes.

22  Q.     When you received that letter, was there
23  anything, to your recollection, that you thought was
24  not typical or that stood out to you as being
25  completely different from what you recalled

1

CERTIFICATE OF REPORTER

I, JOHN P. SQUIRES, a Certified Shorthand Reporter, hereby certify that the witness in the foregoing deposition, MICHAEL L. RAINS, ESQ., was duly sworn by me; that the testimony of said witness was taken down in shorthand by me at the time and place herein stated; that the testimony of said witness was thereafter reduced to typewriting, by computer, under my direction and supervision.

Pursuant to Federal Rule 30(e), transcript review was not requested.

I further certify that I am not of counsel or attorney for any of the parties to said cause, nor in any way interested in the outcome of this cause and I am not related to any of the parties thereto.

I declare under penalty of perjury that the foregoing is true and correct. I have hereunto set my hand on July 16, 2011.

John P. Squires, CSR No. 2001

95