FILED

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERWIN LONGMIRE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF OAKLAND; et al., <br><br> Defendants - Appellees. | No. 11-17870 <br><br> D.C. No. 3:10-cv-01465-JSW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 10, 2013
San Francisco, California
Submission Vacated December 20, 2013
Resubmitted August 14, 2014

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Plaintiff Derwin Longmire appeals from the district court's order dismissing his Fourteenth Amendment claim and the court's subsequent order granting summary judgment in favor of Defendants on his Fourth Amendment and First

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Amendment claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The parties have stipulated that Longmire's Fourteenth Amendment equal protection claim for "perceived as" religious discrimination is moot based on the adjudication on the merits of a related state law claim. *See Longmire v. City of Oakland*, No. A137344, Slip op. (Cal. Ct. App. Jul. 28, 2014).

2. Longmire did not have a reasonable expectation of privacy in the information that Defendants allegedly disclosed to the press. "Fourth Amendment rights are implicated only if the conduct of the [defendants] infringed 'an expectation of privacy that society is prepared to consider reasonable.'" *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987) (citation omitted). The information that Defendants allegedly disclosed was not highly personal and instead related only to Longmire's work (and alleged misconduct) as a police officer. *See, e.g.*, *Engquist v. Or. Dep't. of Agric.*, 553 U.S. 591, 599 (2008) ("[The] government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large."); *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) (noting that "by becoming public officials, [police officers'] privacy interests are somewhat reduced").

3.  With respect to his First Amendment claim, Longmire did not "sp[eak] on a matter of public concern." *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013) (en banc) (citation omitted). Longmire's "Pre-Disciplinary Response" letter alleged that Defendants' internal affairs investigation violated his procedural due process rights. The "essential question is whether the speech addressed matters of 'public' as opposed to 'personal' interest." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009) (citation omitted). "Speech by public employees may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." *Allen v. Scribner*, 812 F.2d 426, 431 (9th Cir. 1987).[1]

**AFFIRMED.**

---

[1] Longmire's Motion to Supplement the Record is DENIED. *See United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) ("In general, we consider only the record that was before the district court."). Practically speaking, comparable facts already are in the record.